Board of Education, arguments not to exceed 15 minutes per side. Mr. Crone for the opponents. May it please the court. Good morning. Good morning. Your honors, I'd like to request one minute for rebuttal. Sure. Your honors, I come before this panel to represent Bobby Smith and the hard working men and women at the Tipton County School Board who had their W-2 information disclosed to a third party because of the actions of the administrative staff at that school board. And we're essentially here today to talk about the meaning of the word administration, a discussion only a room full of lawyers could enjoy. But it's an important discussion and I'd like to start at the district court opinion that, from which we're here to discuss on a 12B6 motion, a motion on the pleadings. And she ruled, the court ruled as a matter of law, that the Tipton County School Board does not administer the SNAP Act, any SNAP Act benefits. But I've read the opinion several times and I really can't find a holding in the opinion and I really can't find anywhere in the opinion where there's a legal distinction that's made. It seems to me that there's essentially a factual determination that the court made that they don't administer something. Now, it comes down to this. The court said there's no connection between these two programs, the SNAP program and the nutrition lunch program, except the one connection. And the connection is, and the court says this, there's an automatic eligibility requirement built into the SNAP Act that recipients of SNAP benefits are supposed to receive free school lunches. Is that a provision of the SNAP statute? Yes, Your Honor, it is. It provides that if you're eligible for the SNAP benefits, then you're eligible for the Food and Nutrition Act. And so it's a benefit of the SNAP Act, even though the SNAP Act doesn't fund it, the Congress chose to fund it in another place, it's still an eligibility, it's still a benefit that flows from the eligibility of getting the SNAP Act. And to me, if you're going to strictly construe the... Well, according to the affidavit submitted by the school board, they do three things to administer the Act. The first is they issue an application to the parents that asked if they are recipients and asked them to provide a number that the TDHS, Tennessee Department of Human Services, assigns someone who receives these benefits, and that provides them eligibility at the district level. Then they check that against the state's records to make sure that it's a legitimate number and it's a legitimate benefit, and then they issue the lunches to these folks. So they do take active... that we know of. Now, we haven't done any other administrative acts that go along with this. That's the only ones that the school board has admitted to in these proceedings. So there is active administration. Now, the... Well, I think you're making a leap to say there's active administration of the SNAP Act by just seeing whether someone has a SNAP number. Well, I suppose, Your Honor, that you and I and reasonable minds could differ about that, but that seems to me that, at the very least, this is a jury question. Is it a fact question or is it an interpretation of a statute? Well, the court lays out a definition that everybody seems to agree to. It's in our brief, it's in the school district's brief, as to what administer is. She sets it out in the opinion and then really doesn't go back to it, but basically says that the Oxford American Dictionary defines administer to manage, be responsible for, for the running of, be responsible for the implementation or use of, or give help or service. Now, the school board... Do you agree that that is the proper definition? I would agree that that's the proper definition. I think we've all accepted that definition. And so, all three of those... Now, the school board has accused us in the briefs of ignoring two of the elements. We focused on give help or service. Again, I believe it's clear that they're giving help or service. In what way? I'm not sure I'm with you on how that's done. There's an automatic eligibility. And is that giving help or service? Absolutely, because if it wasn't for the school board, then someone could write a number in, and if the school board isn't checking to make sure that person is eligible, there could be... That's different. There's some administering the forms that, I think you called it, a certain level of entanglement between the two, right? Between the school board and the lunch program, right? I'm wondering if you couldn't agree that the level of entanglement could be different than what they actually did. What's the words you say? They have to help... Fundamentally administer, fundamentally... No, no. The last part of the definition, I'm not... Give help or service. Give help or service, yes. What exactly do you target as the giving of help and service? That we know of, Your Honor, because we haven't conducted discovery on this issue. What we know of is what they've admitted, which is they're checking the eligibility requirements, which certainly gives help or service. Personally, I think that's helping to manage it, and I think that makes them responsible for it. Okay. Because if they let 30 kids come in and get lunches that weren't eligible, I guarantee you a number of federal agencies and state agencies would hold them responsible for giving away lunches that they shouldn't be giving away. Well, the state, the lunches are provided under state law. Provided under state law, but pursuant to federal law, pursuant to the SNAP Act, this also benefits the SNAP Act because it... The way SNAP interacts with the school lunch program is if you're getting SNAP benefits, which is a federal, largely a federally administered program, then you also have eligibility for the school lunch program, correct? Correct. Which furthers the purpose of SNAP because those families aren't having to come out of pocket to provide their own school lunches. That gives more resource to those families for breakfast and dinner. And so it's all intertwined, and again, I'm not saying that they're doing all the paperwork. I'm not saying they're doing everything. I'm saying they're administering it under the plain meaning of the word administer. And there's no statutory reason, there's no moral reason, there's no legal reason to read this narrowly because if someone is entrusting, whether it's an employee like my clients or participants, an organization with their tax information, don't we want those agency representatives to be more than less careful with that information? And if there's no liability for disclosing that information, then that puts all of the public at risk for disclosures. This is the type of statute that the tie should go to the runner here. If there's a question about whether or not these folks are doing administration, that word should be read, again, under its plain meaning, as plainly as possible to protect the public. Then I've got a few minutes left. I'll talk about the other two issues that were raised in the briefing. One is whether or not the school district is a person. Again, that's briefed and outlined in our brief as Section 6103. It really is meaningless if organizations like the school board is not considered a person. It's the general definition of person that's used throughout federal jurisprudence. Would it be enough for the individual who divulged the W-2 return information for that person to be a person? Is that enough? Well, I think that person is a person, but I think corporations are also persons, as famously decided in many, many decisions by this court and by the Supreme Court. And a municipal corporation is a corporation. It's a municipal corporation here? It's a school board? It's a school board, yes, Your Honor. You think that is analogous to a municipal corporation? Yes. Well, I think it's a municipal corporation that exists under state law, has its own funding sources. There's a whole list of factors that need to be considered. And, again, I think that shows that it's at best a fact question, whether or not those factors are administered in this case. And then the Eleventh Amendment argument that's been ---- That seems to be your primary concern, is that you label this a fact question. And like Judge Moore, I'm saying this is statutory interpretation. What factual? Apparently you both agree we, the school board, did have the role of determining eligibility. Beyond that, everybody agrees. What do you think is factual? I'm still struggling to figure that out. Well, I say at best if it's a factual question. If it's a question of law, then I think you have to ---- No, I know you, if it's a question of law, we can decide it. And the district court was right to decide it without the argument that we need a trial, right? What's the question of fact? I said you two agree that there was some eligibility work on the part of the school board. What more? Well, I think if you were going to make it a fact question, then you would ---- If you were going to make it a fact question, we're trying to determine why you think it is a fact question rather than statutory interpretation. I think you have to decide whether or not the ---- If you're going to say that as a matter of law, nobody manages anything, nobody's responsible for anything ---- Based on the record of what everybody agreed here. Well, I mean, based on the pleadings. Yes. So if you're going to rely on what the school board says, then I think we're entitled to figure out if what the school board says is really what's going on here. But I agree with Your Honor in the sense that you can look at this and determine that there's administration going on, because if all you're going to look at is the pleadings, then there is this connection between the SNAP Act and the administration of the nutrition program, which is an administration of the SNAP Act benefit. And that connection, I think you're limiting it to this eligibility, determining eligibility. Correct. Okay. Correct. Which is ---- But again, in order to say that, you have to get into the facts. In order to say that they determine the eligibility, you have to look into what the facts of the case are, because that's not apparent on the pleadings. Yes, it is. It's the framework of the varying statute. This statute said eligibility. You're automatically eligible, right? Right. But I'm saying to understand what the administration is, you have to be able to go to the facts. In other words, to understand exactly what the district is doing, that's the only ---- The only reason that fact is before the court is because they put it in an affidavit pursuant to a 12B6 motion. Well, if we're deciding it under 12B6, we don't look at any factual material, right? We just look at the pleading. That's right. We say in the pleading they administer the SNAP Act because of this connection. The district court converted this to a summary judgment, did it not? Initially, it was 12B6. I thought ultimately it was summary. The conclusion of the court's order says, based on the foregoing plaintiff's complaint fails to state a claim upon which relief may be granted and thus grants defendant's motion, plaintiff's claim is dismissed with prejudice. So that sounds to me like it was based on a 12B6. Thank you. Thank you, Your Honor. May it please the court. My name is Steve Shields. I represent the Applee and with me is co-counsel Deborah Owen, but I will be the only one arguing the case. Your Honor, the district court legal conclusion is exactly right. The Tipton County School Board does not administer the SNAP Act. How did we get here? The plaintiff filed suit alleging a violation of the IRS Code 6103 and its damage part of it, 7431. To prevail, they had to allege that the Tipton County Board of Education was a person who knowingly or negligently disclosed personal information in violation of 6103 and that the defendant administered one of the social programs expressly listed in 6103 7D. When you look at that list, that list contains one social program, the Food and Nutrition Act. Notably absent is the School Lunch Act, which was enacted well before even the SNAP Act. So what occurs? Unless the school board administers the Food and Nutrition Act, the SNAP Act, then the plaintiff has no claim. Well, you know the argument, counsel. The argument is the definition of administer includes provide support or somehow support it. And that's the argument, that it is an administration inasmuch as you determine eligibility. And that's helpful and equals administration. Well, I would argue that's a stretch of it. The fact of the matter is that the judge below said, well, first off, let me go to the pleadings, okay? Let me just hook it into the pleadings because she made a decision on the pleadings. She looked at paragraph 31 in the pleadings and it says, any child who receives SNAP benefits shall automatically be enrolled in the National School Lunch Program in Tipton County. What does Tipton County do? And the judge said that Mr. Glass' affidavit simply reflected what the statute says. If it's a 12B6, we can't look at an affidavit, right? That's right. And I think looking at her opinion, she did say she's deciding it as a 12B6. That's right. On page four of her opinion, it's a purely legal question. The way she presents the question, given defendant's administration of the NSLP, National School Lunch Program, and connection between that program and SNAP, does it also administer SNAP? So that seems to be the legal question, is when we're looking at all the statutes involving the school lunch program and involving SNAP, is there administration or not? So why isn't paragraph 31 enough to constitute at least survival under 12B6 for the plaintiffs? It is a stretch to say that that's administration, that in fact their manager are running the SNAP program. And when you take a look at the two different programs, the judge did a wonderful job of going through and pointing out that one, the statute themselves talk about administration by the secretary and by the state agency. What is on that silo under the SNAP Act is that under that silo, it's the Department of Human Services along with their county offices and their area manager. That's who does that. She reiterated then, she enumerated the various requirements that they have to go through, making rules and regulations, et cetera. And I'm not going to get into all of those details. That's quite lengthy. On the other side is the lunch program, the school lunch program. That's administered by the Department of Education, the Board of Education with the Department of Education and the Commissioner of Education. And what happens is this. So let's get down to Judge Cook's question then. What happens is that the Department of Education is in a list. The list goes to the school board. They look at the list and automatically that SNAP household gets a free lunch for their child. Or there's a form, a complaint, and they simply check it. So the administration is looking at the list and finding out whether based on that the child gets a free lunch. Looking at the list and if a parent moves in, they have a form and it says, do you get SNAP, list your number. And if they list SNAP and they get the number, they in fact get a school lunch. That's the extent of the administration. That's the extent of the help here. Suppose the school lunch program had various factors that weighed in, and it wasn't automatic that SNAP recipients got school lunches. Would that constitute administration of the SNAP program? Let's talk about that for a moment. What is SNAP? Let's talk about what the benefit is under SNAP. SNAP is the following things. It's to give the household money to purchase food at a retail store for consumption in the home. It's very clear. The school board doesn't do that. They don't do any of that. They don't give money for the purchase of food. They don't buy it from a retail store, and it's not for home consumption. Who does administer in that vein? Is there an entity that ensures that families are getting their check, ensures that they're using it for purchase of groceries? That depth of administration is done where? Department of Human Services. Is that in your county, or it's just the federal? You have one in the county. We have one in the county. We even put the address in there. You're not going to go to the school board and ask about SNAP. You're going to go to the county, and you're going to talk to them. So there's two sides, and the SNAP benefit. Let's go to one of the arguments in terms that this is a SNAP benefit. This is a school lunch benefit. This is a school lunch benefit. The appellate in their brief says that, well, the school board has functional responsibility for the SNAP Act. Well, guess what that section says? Functional responsibility in connection with the issuance of benefits in households, in households for consumption of food in the home. The school system doesn't do that.  And when you read the term benefit, it says it means the value of supplemental nutrition assistance, that's home consumption, provided to a household, here we go by household again, by means of an electronic benefit transfer. And so the fact is, all of this is administered, other than the automatic eligibility as the plaintiff here pled. But that particular section goes on to say, or other means of providing assistance. And I've skipped a little language here, which I'll get to. But the school lunch program could be other means of providing assistance. But the language that I skipped is as determined by the secretary. And that – I totally disagree with you, Your Honor. But I was actually going to be helpful to you. In that case. Don't disagree with me. In that case, you agree with it. Right. Wonderful. Yes, thank you. I appreciate that. As determined by the secretary, I think was one of your points in the brief, that we don't have the secretary. The secretary is supposed to be the Secretary of Agriculture, and the Secretary of Agriculture is not involved in this, right? No. And it's for households. And let me do point out an additional meaning to that sentence. If you look at it, by means of an electronic benefit transfer under Section 2 of this title, or other means of providing assistance. In other words, who knows where we're going to be at in 20 years. We may have all iPhones. We may have some other electronic device. I think what they're talking about in that section is, how can we assist them in actually going in by an electronic means or otherwise. And so, as a result then, if you take a look at this, this is not a benefit of SNAP. This is a benefit under the School Lunch Act. And the court points out, under the School Lunch Act, that the School Lunch Act provides that a child shall be considered automatically eligible if the child is a member of a household receiving assistance under SNAP. And it goes on with six others. They don't administer those others. I don't think anybody's going to argue that they administer these other programs. If I could take you to one of the questions that the district judge didn't decide, was whether this was covered by 6103. And whether this was a return or return information. And my understanding of what was disclosed were the W-2s. Am I right? You're correct. So why aren't W-2s return or return information? I think those are part of that. But the case Stoeckwitz says that the whole purpose of this statute was to prohibit the IRS from disclosing. And it has very severe penalties. Okay. Remind me the Stoeckwitz case. Who decided that? 9th Circuit decided that. Okay. So that's not binding on us. That is not binding on you. But it does the most comprehensive analysis of the legislative history. And it is very similar from the standpoint that it was disclosed. But it was not through the IRS. And if you take a look at the word return, it says, which is filed with a secretary or received by, recorded by, prepared by, furnished to, or collected by the secretary. It didn't pass through the IRS. Well, the W-2s, weren't the W-2s sent to the IRS or used in the process of making tax returns? They would ultimately be, yes, Your Honor. Well, these were existing documents. These were existing W-2s. So, presumably, the school system had already sent them to the IRS. If they existed. I don't know the answer to that question. I know Stoeckwitz says that what this is about is to protect us from the IRS sharing this information, to make sure that the IRS does not disclose this information with the White House and with others. But the way the statute is written, no officer or employee of any local agency administering a program listed, such as SNAP, who has or had access to returns shall disclose any return obtained by him. So that seems to be applying to the people who are working in the SNAP program. The Stoeckwitz case seems to suggest that it has to pass through, it has to be through the IRS. And I realize... The disclosure has to be by way of the IRS. Is that what you're trying... That's what I'm trying to say. Well, isn't it really a more expansive... I mean, it has to relate to having been included in the return. And we all know that people put copies of their W-2s with their returns. But that's not the way in which this was delivered. So it kind of turns on a technical point of how the information was delivered. It does, it does. And so in my remaining time, let me go to the other issue that was raised, and that is that if the court decides that it should go and affirm the district court, I don't see any reason to decide the other two issues. If, in fact, you decide, well, we disagree with that and want to send it back, I don't see any reason to decide the other issues, but this is the only chance I get to be before you. So I will respond to the other question. I responded to the return, but let me respond to the person question. Is that under the definition of person, it means to... an individual, a trust, a state partnership, association, company, or corporation. The case law we cite says that before Congress wants to intrude upon the state and its subdivisions, it should be expressed. For example, we quoted to you Title VII. Title VII of the 1964 Civil Rights Act says person is defined as including one or more individual governments, governmental agencies, or political subdivisions. The other thing the appellant argues is that, well, the word include means that there could be others. Well, take a look at the section. The section says when using this title, I'm sorry, the person shall be construed to mean, they've taken out the words to mean, it says to mean and shall include. And I think when you do that, that you have then a provision that basically says you can't sue the state or its political subdivisions. Now what you can do... Is this a subdivision of the state, the County Board of Education, or is it more akin to a municipal corporation? I suppose if we're going to talk about kinship, that it's a statutorily created entity. Let's start there. It's a statutorily created entity. And I know that there are some cases that discuss that as a municipal corporation. The fact is that it doesn't say municipal corporation in here either. It does not say that. No, it says corporation, which... It says corporation. So let me go to something that... But, you know, as a matter of your experience in representing the Board of Education, I would imagine for different purposes it's considered a subdivision of the state. And for other purposes, it's considered more like a city. Am I wrong about that? Is it always considered a subdivision of the state? It's usually considered a statutorily entity of the state. The state has so many hooks into it. And so as a result, it's that. I'm almost out of time. Let me make one last point, because it was raised about how, well, these folks are left without a remedy and that sort of thing. Stoics points out this penalty is very severe. For example, they sued for $19 million because of the severity of the penalty that's included in here. Stoics points out, okay, you don't have a case under 6103. File your negligence action. Go ahead and file your negligence action against the state and its political subdivisions. That's allowed under state law. So the fact is, is that I don't want this court to think that the plaintiffs here would be without a remedy of some sort if there were any damages. Thank you. Thank you. Thank you, Your Honors, for the opportunity of rebuttal. I would just say that, again, we're talking about interpreting a statute. And the statute talks about administration. It doesn't say materially, primarily, extensively, exclusively, totally, or any other adjective that limits the administration to a large bit of administration. And if you look at the definition of administration that the district court, the school board, and we all agree on, help or support is part of that. And it supports the mission of SNAP. A, it's a benefit provided by SNAP, but it also supports the mission because it frees up resources, money for household consumption. Your argument seems to be that the school board tangentially cooperates with the entity that actually administers, and that is the county division of the agriculture, right? I would say they participate in the administration by administering the program. Are we right to understand that there is actually, within the county, the arm of the federal agency that is the more direct administrator? There are other entities that also administer this program. And, again, if you want to put an adjective in front of it and say that they primarily administer it, that may or may not be true. But the statute does not require, it could say, the primary administrator of the program. It just says it administers the program. In which event, we'd have to think there's several administrators of this program. That would be the argument, that the school board administers and the agency administers. Yes, cooperates in administering. And the last thing I'll say about that is that the school board brought up the idea of households, children, or members of households. Thank you. Thank you both for your argument.